UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

MARK KOPLAU,

    Plaintiff,                                 **JURY TRIAL DEMANDED**

v.

DA FAMILY BUSINESS, LLC, a
Florida limited liability company d/b/a
ITALIANOS; TOMATOES & OLIVE
OIL, LLC, a Florida limited liability
Company d/b/a ITALIANOS; and
MORGAN GLICKMAN,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

MARK KOPLAU ("KOPLAU"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, DA FAMILY BUSINESS, LLC, a Florida limited liability company d/b/a ITALIANOS (hereinafter, "DA FAMILY"), TOMATOES & OLIVE OIL, LLC, a Florida limited liability company d/b/a ITALIANOS (hereinafter, "TOMATOES"), and MORGAN GLICKMAN (hereinafter "GLICKMAN"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, DA FAMILY and TOMATOES owned and operated a business engaged in interstate commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Specifically, the Defendants operated a restaurant. Plaintiff's work, and the work of at least thirty (30) other employees, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. To be sure, Plaintiff and these employees handled food and drinks that were originally manufactured outside the State of Florida.

4. During the relevant time period as set forth below, Defendants employed workers like the Plaintiff who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

5. During the period of the Plaintiff's employment, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00 in accordance with §203(s)(1)(A)(ii).

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

  b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, KAPLAU was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendants, DA FAMILY and TOMATOES, conducted business in Venice, Sarasota County, Florida with their principal locations in that city.

11. At all times material hereto, Defendants, DA FAMILY, TOMATOES and GLICKMAN were the employers of Plaintiff, KOPLAU.

12. At all times material hereto, Defendants, FAMILY, TOMATOES, and GLICKMAN were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, KOPLAU his lawfully earned wages in conformance with the FLSA.

14. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, DA FAMILY and TOMATOES operated an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, KOPLAU was directly essential to the business performed by Defendants.

17. Plaintiff, KOPLAU has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

18. On about December 6, 2018, Plaintiff, KOPLAU was hired by the Defendants as a cook at the Defendants' restaurant. Because the Defendants operated multiple restaurant locations, they would dispatch the Plaintiff to work at whichever location they needed him on any given day. The Plaintiff's employment ended on or about August 5, 2021.

19. Plaintiff, KOPLAU was paid a daily wage of $140.00 per day. The Plaintiff was paid by check and/or cash.

20. Plaintiff, KOPLAU worked on average 57 hours per week.

21. Plaintiff, KOPLAU was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty hours per week.

22. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

23. Defendant, GLICKMAN was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff, KOPLAU. Therefore, he is personally liable for the FLSA violations.

24. Defendant, GLICKMAN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, KOPLAU.

25. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

26. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

27.   During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

28.  From the period of December 6, 2018 through August 5, 2021, Plaintiff was paid a day rate of about $140 hours per day.

29.  Plaintiff worked on average 57 hours per week.

30.   Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.  Plaintiff, KOPLAU intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

31.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, KOPLAU at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

32.   Defendant failed to properly disclose or apprise Plaintiff, KOPLAU of his rights under the FLSA.

33.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, KOPLAU is entitled to liquidated damages pursuant to the FLSA.

34.   Due to the willful and unlawful actions of the Defendant, Plaintiff, KOPLAU has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

35. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, KOPLAU respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: October 28, 2021.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com

By: <u>s/. Peter Bober</u>
      PETER BOBER
      FBN: 0122955