UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 8:21-cv-02577-WFJ-AEP

MARK KOPLAU,

    Plaintiff,

        v.

DA FAMILY BUSINESS, LLC, a
Florida limited liability company d/b/a
ITALIANOS; TOMATOES & OLIVE
OIL, LLC, a Florida limited liability
Company d/b/a ITALIANOS; and
MORGAN GLICKMAN,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between Plaintiff, MARK KOPLAU, and Defendants, DA FAMILY BUSINESS, LLC, TOMATOES & OLIVE OIL, LLC, and MORGAN GLICKMAN (all together the "Parties" and individually "Party").

WHEREAS, Plaintiff filed the above-referenced case for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, 29 §201, *et seq*. ("FLSA") and Florida statutes.

WHEREAS, Defendants deny the relief sought and liability alleged by the claims asserted by the Plaintiff; and

1

WHEREAS, Plaintiff and Defendants wish to avoid additional prolonged litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties that the above-styled case is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FAIR LABOR STANDARD ACT CLAIMS**.

   a. This Agreement shall constitute a settlement, waiver and release of overtime and minimum wage claims Plaintiff might have under the FLSA or any other state or local law with respect to the payment of overtime wages.

   b. Upon execution of this Agreement, the Parties shall immediately file the Joint Motion for Approval of Settlement and Dismissal with Prejudice with the Court, attached hereto as Exhibit "A."

   c. In consideration for the payments described in Paragraph 3 below, Plaintiff hereby knowingly and voluntarily releases Defendants of and from all claims brought for overtime compensation under the Fair Labor Standards Act and Florida statutes.

Doc ID: d21444ad82181fe8c7c9dc91338a5696d877d2d1

3. **CONSIDERATION**.

The Defendants agree to pay Plaintiff and his counsel the total sum of **$16,000.00** (the "Settlement Sum")(comprising $4,900 to the Plaintiff as wages; $4,900 to the Plaintiff as liquidated damages; and, separately, $6,200 to Plaintiff's counsel as attorneys' fees and costs) in two installments, as follows:

   A. Installment # 1:  Installment # 1 shall be delivered in two (2) checks, to Bober & Bober, P.A., 2699 Stirling Road, Suite A-304, Hollywood, FL 33312 by not later than **May 13, 2022**, as follows:

Check # 1 to "Mark Koplau" for $4,900.00 as wages, for which Defendants shall make taxable withholdings at the lawful and customary rate, and issue a W-2;

Check # 2 to "Bober & Bober, P.A." for $5,100.00 as attorney's fees and costs, for which Defendants shall issue a tax form 1099.

   B. Installment # 2:  Installment # 2 shall be delivered in two (2) checks, to Bober & Bober, P.A., 2699 Stirling Road, Suite A-304, Hollywood, FL 33312 by not later than **June 6, 2022**), as follows:

Check # 1 to "Mark Koplau" for $4,900.00 as liquidated damages, for which Defendants shall ssue a form 1099;

Check # 2 to "Bober & Bober, P.A." for $1,100 as attorney's fees and costs, for which Defendants shall issue a tax form 1099.

Time is of the essence.  If the Defendants fail to timely pay an installment,

Doc ID: d21444ad82181fe8c7c9dc91338a5696d877d2d1

Plaintiff shall provide notice to Defendants' counsel and a right to cure; if not cured in three (3) business days, the Plaintiff will be entitled to an unopposed self-executing default final judgment in the amount of $21,000, less any amounts paid. Payment of the Settlement Sum is in full settlement of any and all FLSA claims of any kind, including unpaid wages and overtime compensation, liquidated damages, and/or attorneys' fees and costs.

The Parties agree and acknowledge that the amount paid to the Plaintiff was agreed to and negotiated separately from the amount paid herein for attorneys' fees and costs. Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the release of his FLSA claims contained herein, and his fulfillment of the promises contained herein.

Should the Defendants fail to timely pay the settlement sums herein, the Plaintiff will be entitled to reasonable attorneys' fees and costs related to the enforcement and collection of the Defendants' payment obligations, hereunder.

4. **NO ADMISSION**. Neither this Agreement, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time, for any purpose, as an admission by the Defendants of any liability, unlawful conduct of any kind, or violation by the Defendants of the FLSA or Florida Statutes.

5. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges he is aware that he is giving up the overtime and minimum wage FLSA and Florida Statutes

Doc ID: d21444ad82181fe8c7c9dc91338a5696d877d2d1

claims he may have against the Defendants. Plaintiff acknowledges he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he has consulted with his counsel-of-record, Peter Bober, Esq., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

5. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language and the payment obligations set forth above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

7. **RELEASE OF FLSA CLAIMS**

The Plaintiff releases all claims which arise under the FLSA. This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of the Plaintiff's FLSA claims.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PLAINTIFF HAS BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAS CONSULTED WITH HIS**

ATTORNEY BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF BROUGHT FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF BROUGHT CLAIMS INTENDING TO FLSA CLAIMS HE HAS AGAINST DEFENDANTS.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

_____
Morgan Glickman
Date:

_____
Mark Koplau
Date: 05 / 04 / 2022

_____
Da Family Business, LLC
Date:

_____
Tomatoes & Olve Oil, LLC
Date:

Doc ID: d21444ad82181fe8c7c9dc91338a5696d877d